IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER LEE NEAL, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER, AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| WARDEN JOYCE FRANCIS, | ) | 1:08CV458 |
| | ) | 2:94CR300-2 |
| Respondent. | ) | |

Petitioner Christopher Lee Neal, a federal prisoner, brought what was initially a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia, where he was housed at that time. The history behind Petitioner's case is quite involved, but it is not essential to set out most of it in order to decide his petition. As matters stand now, Petitioner has convictions for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (Count One), distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two), employing a person under the age of eighteen years to distribute cocaine base in violation 21 U.S.C. §§ 861(a)(1) and (b) and 841(b)(1)(B) (Count Three), and carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Four). Petitioner is serving a sentence of 300 months on the first three convictions and a consecutive sentence of 60 months on the firearm conviction. Petitioner did appeal his conviction and sentences, but he

was ultimately unsuccessful.  *United States v. Cargill*, 17 Fed. Appx. 214 (4th Cir. 2001), *cert denied*, 534 U.S. 1171 (2002).

Following the end of his direct appeal, Petitioner later sought relief using a motion under 28 U.S.C. § 2255 (2:94CR300-2, docket no. 653).  That motion was also unsuccessful (*id.* docket nos. 740, 793.)  Petitioner has filed numerous other motions, documents, and attempts at relief over the years, all to no avail.  Finally, he submitted the current § 2241 petition.

Petitioner's original petition contained a number of claims in which he challenged all of his convictions (docket no. 1).  That petition was initially denied in the Northern District of West Virginia (docket nos. 12, 16, 17).  However, Petitioner later succeeded in having the case reopened as to one issue: the impact of *Watson v. United States*, 552 U.S. 74 (2007) on his § 924(c) conviction (docket nos. 28, 30).  After further briefing in West Virginia, the case was construed as a petition for a writ of error coram nobis under 28 U.S.C. § 1651(a) and transferred to this District (docket nos. 50, 54).  Respondent has filed a response to the petition (docket no. 71), Petitioner has filed a reply (docket no. 79), and the petition is now before the court for a ruling.

## **DISCUSSION**

Petitioner and Respondent are largely in agreement as to the issues surrounding his § 924(c) conviction.  In its response, Respondent notes that, while a petition under § 2241 is not ordinarily available to a prisoner who has already filed

a motion under § 2255, there is authority allowing it in rare circumstances. In fact, it is a possibility where a petitioner has been denied permission to file a second or successive § 2255 motion and he can demonstrate that: (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not to be criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, Petitioner's § 924(c)(1) conviction was based on testimony that he had sold an ounce and a half of crack cocaine to an undercover officer in return for $1400 and three firearms (docket no. 71 at 8). This appeared to constitute a crime at the time of Petitioner's conviction and his initial motion under § 2255. *See Smith v. United States*, 508 U.S. 223, 237 (1993) (trading a firearm for drugs can violate § 924(c).) Then, in 2007, the United States Supreme Court held in *Watson v. United States*, 552 U.S. 74 (2007), that **receiving** a firearm in return for drugs did not violate § 924(c)(1). The defendant in *Smith* had **given** a firearm in return for drugs. Petitioner also received firearms in exchange for drugs, making his case like *Watson*, not *Smith*. Unfortunately for Petitioner, the *Watson* decision was one of statutory interpretation, not constitutional law. Therefore, he could not satisfy the gatekeeping provisions of § 2255 and file another motion under that statute.

-3-

Case 2:94-cr-00300-JAB   Document 929   Filed 09/14/09   Page 3 of 8

Although Petitioner could not file another motion under § 2255, the unusual set of conditions in this case did make him eligible to file his § 2241 petition. Respondent concedes that this is so, and also concedes that there is authority allowing the court in West Virginia to construe that petition as one under § 1651 and transfer it to this District. Finally, Respondent acknowledges that, under *Watson*, the facts underlying Petitioner's § 924(c) conviction do not currently constitute a violation of that statute. The proper remedy is for him to have his conviction under Count Four of the indictment vacated and to be resentenced on the remaining counts. *In re Nwanze*, 242 F.3d 521 (3rd Cir. 2001) (noting that resentencing may be proper because the removal of a § 924(c) count can affect the sentence for related drug convictions); *Short v. Schultz*, No. Civ. A. 08-0186, 2008 WL 305594 (D.N.J. Jan. 28, 2008) (same, addressing *Watson* claim).

## **OTHER MOTIONS**

There are a number of other motions which are also pending in this action. Most of these motions are affected by the granting of Petitioner's habeas petition as discussed above. For instance, several motions filed by Petitioner are rendered moot by this recommendation, *viz.*, a motion to appoint counsel to help Petitioner pursue his petition (docket no. 58), a motion to be present at any hearing on his petition (docket no. 59), a motion to be free on bond pending a decision on the

petition[1] (docket no. 65), a motion for a preliminary injunction (docket no. 70), a motion for summary judgment (docket no. 72), and a motion for expedited judgment (docket no. 75). Other motions must be denied for other reasons. For instance, Petitioner has made a motion to present new evidence concerning false testimony from a government witness (docket no. 66). This evidence would be an attack on Petitioner's remaining convictions and could only be presented as part of a § 2255 motion. As noted, Petitioner has already pursued such a motion and is barred from pursuing another one without permission from the Fourth Circuit. Likewise, Petitioner makes a motion to file a new habeas petition based on prosecutorial misconduct and perjury (docket no. 81). This is yet another attempt to inject § 2255 claims into this action. It will also be denied. Petitioner must receive permission from the Fourth Circuit to raise such claims.

Other motions in this case are more procedural in nature. Respondent has filed two motions for extensions of time to file its response to the petition (docket nos. 67-68). They have not been addressed to this point; but, because the response has now been filed and considered, they will be granted. Also, Petitioner filed a motion opposing one of the motions for an extension (docket no. 69). That motion will be denied.

---

[1] Release on bond would have been inappropriate in any event given that Petitioner's first three convictions and the 300-month sentence on those charges are not called into question by his *Watson* claim.

-5-

Finally, Petitioner has filed three motions in his criminal case that his original sentencing judge determined are actually a part of this civil action (2:94CR300-2 docket no. 914). They are a motion to supplement the petition to add a claim under *United States v. Booker*, 543 U.S. 220 (2005) (*id.* docket no. 895), a motion to raise "sentencing issues" (*id.* docket no. 900), and another motion for summary judgment on Petitioner's *Watson* claim (*id.* docket no. 903). After the District Judge issued his order noting that these motions were properly part of the civil case, Petitioner filed two further motions in the criminal case which also really address, at least in part, matters raised by Petitioner in his civil case. They are a motion to supplement his civil petition to add claims concerning new evidence of false testimony (*id.* docket no. 915) and a motion to have his indictment dismissed or to be released on personal recognizance (*id.* docket no. 922). None of these motions can be granted.

The motion seeking to raise the *Booker* claim is another § 2255 motion that Petitioner has not received permission to bring. The same is true for large portions of his "sentencing issues" motion.[2] Petitioner's motion for summary judgment is moot, while his motion to dismiss the indictment is partially a § 2255 motion and partially moot. Finally, his motion to present claims based on new evidence is still another attempt at raising a successive § 2255 claim without permission. These motions all fail for the reasons just stated.

---

[2] To the extent that the motion is raising legitimate sentencing issues, Petitioner's attorney may raise those issues at his resentencing.

**IT IS THEREFORE ORDERED** that Petitioner's motion for appointment of counsel (docket no. 58), motion to be present at a hearing on his petition (docket no. 59), motion to be released on bond pending a decision on his petition (docket no. 65), motion to present new evidence of false testimony by a government witness (docket no. 66), motion to deny Respondent an extension of time to file a response (docket no. 69), motion for expedited judgment (docket no. 75), motion to file a new habeas petition (docket no. 81), motion to supplement the habeas petition (2:94CR300, docket no. 895), and motion for allocation of sentencing issues (*id.* docket no. 900) are **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's pending motions for extensions of time to file a response to the petition (docket nos. 67, 68) are **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion for preliminary injunction (docket no. 70), motion for summary judgment (docket no. 72), motion for judgment on the pleadings (2:94CR300-2, docket no. 903), motion for a new trial and to supplement the petition (*Id.* docket no. 915), and motion to dismiss the indictment or release Petitioner on his personal recognizance (*Id.* docket no. 922) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remaining claim in the petition for habeas corpus (docket no. 1), which has been construed as a petition for a writ of error coram nobis, be **GRANTED**, that Petitioner's conviction and sentence on Count Four be vacated, that counsel be appointed, and that Petitioner be resentenced on his remaining counts of conviction.

                                                  Wallace W. Dixon
                                                  United States Magistrate Judge

Durham, N.C.
September 14, 2009